IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NICOLE SINGLETARY,                          *
                                            *
        *Plaintiff,*
                                            *
v.                                          *           Civil Case No: 1:23-cv-3435-JMC
                                            *
WALMART, INC.,                              *
                                            *
        *Defendant.*
                                            *
                                            *
*       *       *       *       *       *       *       *       *       *       *       *       *       *

**MEMORANDUM OPINION AND ORDER**

This case arises from an incident on November 11, 2020, wherein Plaintiff was struck by an acrylic information sign (the "fact tag") that fell while she and a store employee were removing a television from a display shelf at a Walmart store in Columbia, Maryland, owned and operated by Defendant, causing her to sustain injuries. (ECF No. 1).  Before the Court is Defendant's Renewed Motion for Summary Judgment, together with Plaintiff's Opposition and Defendant's Reply. (ECF Nos. 36, 37, 41).  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2025). As set forth more fully below, Defendant's Motion (ECF No. 36) is DENIED.

**I.      BACKGROUND**

The parties agree that discovery has not materially altered the factual background since the Court considered Defendant's initial Motion for Summary Judgment (ECF No. 27).  On November 11, 2020, Plaintiff visited the Columbia, Maryland Walmart store on Dobbin Road. (ECF No. 37-1 at 2).[1]  Plaintiff searched for a particular Samsung television that she ultimately found on display

---

[1] When the Court cites to a particular page or range of pages, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.  If there are none, the Court is referring to the page number of the PDF.

on a raised shelf along the back wall of the store.  *Id*. at 5.  Plaintiff also observed an acrylic sign with the information and specifications of the television sitting on the shelf directly in front of the display, which she read to confirm the model of television. *Id.* at 7-8; *see also* (ECF No. 27-3) (attaching photograph of the sign).  Neither the acrylic sign (the "fact tag") nor the shelf itself appeared to be broken in any way, and the sign was not askew or otherwise out of place. (ECF No. 37-1 at 7-8).

Plaintiff ultimately found Walmart employee Julia Bennett, whom she recognized from other visits to the store, to help her.  *Id*. at 9.  Ms. Bennett has worked for Walmart for 19 years and has been a Team Lead (i.e. supervisor) at the Dobbin Road Walmart for five years.  (ECF No. 27-4 at 2).  Ms. Bennett and Plaintiff then went to the television on display where, according to Plaintiff, Ms. Bennett told Plaintiff she would have to help remove the television, as there were no additional associates in the department and it was too big to lift by herself. (ECF No. 37-1 at 10-11).  Plaintiff agreed.  *Id.*[2]  Notwithstanding her enlisting Plaintiff's help with the television, Ms. Bennett testified that it was store policy that she could not lift more than fifty pounds from a store shelf by herself, and that policy required her to seek assistance from another employee before doing do.  (ECF No. 28-3 at 2-3).[3]

Ms. Bennett testified that it was store policy that the acrylic "fact tag" in front of the television be bolted to the display shelf in two places.  (ECF No. 28-3 at 4-5).  Ms. Bennett further testified that she would have been the one responsible for bolting down the fact tag for the television.  *Id*. at 9.  Ms. Bennett explained that, as the supervisor in the electronics department,

---

[2] Ms. Bennett recalls that it was Plaintiff who first offered to help her move the television given that there were no other employees present to help.  (ECF No. 27-4 at 5).  In any event, there is no dispute that Plaintiff voluntarily participated in helping to move the television with Ms. Bennett.

[3] Although she did not know the exact weight of the television, Ms. Bennett testified that it was over fifty pounds. (ECF No. 28-3 at 6).

she checks or "normally checks" the fact tags every day because she has encountered instances when customers loosen them. (ECF Nos. 27-4 at 7; 28-3 at 10-11, 13). She has instructed other employees to do the same thing for safety reasons. (ECF No. 27-4 at 7).

Notwithstanding these policies and practices, there was no specific testimony as to whether Ms. Bennett or another employee checked the fact tag for the television at issue as part of that normal routine prior to the events at issue. There is video evidence that at least in the hour just prior to the incident, no Walmart employee specifically checked the fact tag at issue. (ECF Nos. 28 at 3; 28-4). Ms. Bennett testified that just prior to moving the television with Plaintiff, although she didn't know that the fact tag was not secured, she did not check to see that the fact tag was secured to the shelf but doesn't know why. (ECF Nos. 27-4 at 6; 28-3 at 13). She testified that just prior to moving the television, the fact tag appeared "the way it was supposed to look, as if it was bolted down" yet was not, in fact, bolted to the shelf. (ECF No. 28-3 at 9). When Ms. Bennett and Plaintiff began to lift the television, it did not completely clear the fact tag on Plaintiff's side, causing the fact tag to fall and strike Plaintiff. (ECF No. 27-4 at 5).[4] Ms. Bennett also did not see any bolts in the area immediately after the incident. (ECF No. 28-3 at 14-15).

After the Court denied Defendant's initial Motion for Summary Judgment (ECF No. 30), the parties engaged in and completed expert discovery. (ECF No. 36-1 at 2). Plaintiff has not identified any expert witnesses to offer an opinion as to how long the alleged defective fact tag existed prior to the incident involving Plaintiff. *Id.* Defendant posits that for this reason, the Court should now grant summary judgment in its favor. For the reasons set forth more particularly below, the Court disagrees.

---

[4] There is conflicting testimony as to what extent, if at all, Plaintiff lifted her side of the television, although the video appears to depict at least some elevation of the television off of its shelf by Plaintiff. (ECF No. 28-4).

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party can make such a showing by demonstrating the absence of any genuine dispute of material fact or by showing an absence of evidence to support the non-moving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986).  A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Therefore, if there are factual issues "that properly can be resolved only by a finder of fact because [those issues] may reasonably be resolved in favor of either party[,]" then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250.

"When ruling on a motion for summary judgment, the [C]ourt must construe the facts alleged in the light most favorable to the party opposing the motion."  *U.S. ex rel. James Commc'n, Inc. v. LACO Elec., Inc.*, No. DKC 14-0946, 2015 WL 1460131, at *2 (D. Md. Mar. 27, 2015) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008)).  A party bearing the burden of proof on a particular claim must factually support each element of his or her claim.  *Celotex*, 477 U.S. at 323.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial."  *Id.*

## III.    ANALYSIS

The Court is unpersuaded that discovery has produced the factual development necessary to warrant summary judgment in Defendant's favor.  As the Court stated in its previous Opinion on Summary Judgment, an owner or occupier of land only has a duty to exercise reasonable care

4

to "protect the invitee from injury caused by an unreasonable risk" that the invitee would be unlikely to perceive in the exercise of ordinary care for his or her own safety, and about which the owner knows or could have discovered in the exercise of reasonable care. *Casper v. Charles F. Smith & Son, Inc.,* 316 Md. 573, 582 (1989). Although the business invitor has a duty to protect against unreasonably dangerous conditions, the business invitor is not an insurer of the invitee's safety. *Moulden v. Greenbelt Consumer Servs., Inc.,* 239 Md. 229, 232 (1965). Like the owner, the invitee has a duty to exercise due care for his or her own safety. This includes the duty to look and see what is around the invitee. Accordingly, the owner or occupier of land ordinarily has no duty to warn an invitee of an open, obvious, and present danger. *Casper,* 316 Md. at 582.

In an action by a customer to recover damages resulting from an encounter with a dangerous condition in a store, "the burden is on the customer to produce evidence that the storekeeper created the dangerous condition or had actual or constructive knowledge of its existence." *Rawls v. Hochschild, Kohn & Co.,* 207 Md. 113, 119 (1955). In some cases, such as those involving the alleged failure to detect a spill or foreign substance, a plaintiff satisfies this burden by producing so-called "time on the floor" evidence to establish that the spill/substance was on the floor for a sufficient amount of time such that the store owner should have known of it and remediated the risk. *See Maans v. Giant of Md.*, 161 Md. App. 620, 637 (2005) (affirming trial court's grant of a motion for judgment in store's favor given the absence of such evidence at trial). But in other cases, even in the absence of direct evidence of "time on the floor" from plaintiff, there is nonetheless sufficient evidence that a reasonable juror could infer negligence on the part of the store owner. *E.g.*, *Dickey v. Hochschild, Kohn & Co.*, 157 Md. 448, 449 (1929).

When the Court first considered Defendant's Motion for Summary Judgment in February 2025, the Court reasoned that the facts presented here are analogous to those in *Dickey v.*

5

*Hochschild, Kohn & Co.*, and *Keye v. Red Roof Inns, Inc*.  (ECF No. 30) (citing 157 Md. at 449, No. WGC-07-2926, 2009 WL 10685426, at *8 (D. Md. May 20, 2009)).  To revisit the rationale there, *Dickey* reversed a trial court's finding for a defendant store owner based on a lack of specific evidence of actual or constructive knowledge of the hazard.  *Dickey*, 157 Md. at 452.  In *Dickey*, a plaintiff sustained an injury when she caught the heel of her shoe between a stair tread and metal stripping that was insufficiently fastened due to a loose screw, thereby causing her to fall down the stairs.  *Id.* at 449.  Finding instead that the issue should be one for the jury, the court reasoned that the store should have anticipated that wear and tear on stairs would erode the integrity of their construction such that ordinary care required the store to "maintain some system of inspection which would discover that condition in time to remedy it before it resulted in injury to its customers."  *Id.* at 452.  Therefore, a lack of actual or constructive noticed based on "time on the floor" did not remove the issue from trial.  *Id.* at 452-53; *see also Keye*, 2009 WL 10685426, at *8 (D. Md. May 20, 2009) (denying summary judgment notwithstanding no specific evidence of "time on the floor" where circumstances supported reasonable inference of premises owner's failure to maintain stairway).

Relevant here, whether an expert was able to testify as much had no part of the court's reasoning in *Dickey*.[5]  *See id.* Instead, the court there reasoned,

> [T]he condition of the step immediately after the accident was sufficient to warrant the inference (a) that its construction was defective in material or design, (b) that the loosened [metal] strap had never been properly fastened down, or (c) that [the store] had failed to make a reasonably careful inspection of the stairway.

---

[5] While an expert's proffered opinions factored into the Court's analysis in *Keye*, at no point did the Court find that it was dispositive of this issue.  *Keye*, 2009 WL 10685426, at *8.  Rather, the Court reasoned that "The record before this Court demonstrates that [the defendant has] policies regarding routine inspection of all exposed exterior steel, that [it] knew that steel is prone to rust, but that [it had] no documents showing personnel at the Laurel hotel inspected the subject stairway on a monthly basis or any other routine basis."  *Id.* As such, the Court declines to grant summary judgment on the basis that Plaintiff has failed to produce an expert witness like that in *Keye*.

*Id.* at 453.  Thus, "in the absence of any evidence tending to show what if any care [the store] exercised to keep its premises in a safe condition…whether it was or was not negligent in failing to prevent or remedy the defect which caused the accident in this case was a question for the jury…" *Id.*  After finding the facts here analogous to those in *Dickey*, this Court concluded that trial testimony may sufficiently distinguish the facts, "such as a more robust record of routine inspections performed by Defendant or a more fulsome discussion of the nature of the hazard that would make the inferences described here unreasonable."  (ECF No. 30 at 8).

To that end, Defendant again points to Ms. Bennett's testimony, which indicates that at the time of Plaintiff's incident, she and her associates checked the fact tags each day to ensure they were secured.  (ECF No. 36-1 at 2).  This fact did not entitle Defendant to summary judgment when it initially moved for it, and the Court finds it no more compelling at this juncture.  Nor does the Court find that it entitles Defendant to an inference that the fact tag was properly secured when it was presumably checked on the morning of November 11, 2020, or that Defendant was not negligent as a matter of law.  As the Court reasoned before,

> Unlike a spill or foreign substance, it was Walmart's responsibility and its policy to secure fact tags to display shelves by bolting them onto the shelf, including the shelf in question.  Further, based on past store experience, Ms. Bennett testified that the fact tags were normally checked every day because there had been occasions when customers had caused them to become unsecured.  The video demonstrates that no such checks were done for at least the hour before the incident, and Ms. Bennett testified that she did not check the fact tag just prior to attempting to lift the television. Whether the nature and frequency of the Defendant's routine inspections to see that fact tags were adequately secured are sufficient, and whether Ms. Bennett's specific decision not to check the fact tag at issue just prior to attempting to lifting the television (after enlisting or allowing non-employee Plaintiff to assist) was reasonable are questions for the jury.

(ECF No. 30 at 7).  Thus, the Court is also unpersuaded by the Defendant's reliance on *Maans*, which involved a slip and fall over standing water on a store's floor.  *Maans v. Giant of Maryland*, LLC, 161 Md. App. 620, 634 (2005).  In the Court's view, whether Defendant had actual or

7

constructive knowledge of the fact tag's hazardous condition remains a jury question. The record still presents conflicting facts concerning why the fact tag was not secured to the store shelf, and the Court agrees with Plaintiff that the Defendant has "not presented any additional evidence in its instant motion that it presented in its initial Motion for Summary Judgment." (ECF No. 37 at 9). As such, Defendant's Renewed Motion for Summary Judgment is DENIED.

**IV.   CONCLUSION**

For the foregoing reasons, Defendant's Renewed Motion for Summary Judgment (ECF No. 36) is DENIED. The parties are hereby directed to confer and jointly inform the Court within fourteen (14) days from the date of this Memorandum Order and Opinion whether there is mutual desire to participate in a settlement conference before proceeding to schedule a trial and related dates.

Dated: <u>March 23, 2025</u>                                  <u>        /s/        </u>
                                                                      J. Mark Coulson
                                                                      United States Magistrate Judge